1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; and UL LLC, a Delaware limited liability company, | No. **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |
| Plaintiffs, | |
| v. | |
| SHENZHEN ZHIDA ANDA TRADING CO., LTD., a Chinese corporation, and DOES 1-10, | |
| Defendants. | |

18

## I.     INTRODUCTION

19      1.      This case involves Defendants' unlawful and expressly prohibited advertisement

20  and sale of electric bicycles and scooters in connection with unauthorized UL LLC ("UL")

21  certification marks. Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon")

22  and UL (together with Amazon, "Plaintiffs") jointly bring this lawsuit to permanently prevent

23  and enjoin Defendants from causing future harm to Amazon's and UL's customers, reputations,

24  and intellectual property ("IP"), and to hold Defendants accountable for their illegal actions.

25      2.      Amazon.com Services LLC owns and operates the Amazon.com store (the

26  "Amazon Store"), and Amazon's affiliates own and operate equivalent counterpart international

27  stores and websites. Amazon's stores offer products and services to customers in more than 100

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 1

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

countries around the globe. Some of the products are sold directly by Amazon entities, while others are sold by Amazon's numerous third-party selling partners. The Amazon brand is one of the most well-recognized, valuable, and trusted brands in the world. To protect its customers and safeguard its reputation for trustworthiness, Amazon invests heavily in both time and resources to prevent counterfeit and infringing goods from being sold in its stores. In 2024, Amazon invested more than a billion dollars and employed thousands of people—including machine learning scientists, software developers, and expert investigators—who were dedicated to protecting customers, brands, selling partners, and Amazon's stores from counterfeits, fraud, and other forms of abuses.

3.      Founded in 1894, UL, including its affiliates and predecessors, is one of the oldest certification organizations in the United States. UL has tested, inspected, and certified products to regional, national, and international safety standards for over a century. UL engineers have contributed to the development of more than 1,000 "UL Standards for Safety," as well as international and regional standards, and sit on more than 1,300 standards panels and technical committees. UL is a worldwide leader in product testing and certification. UL's services include testing and certifying that representative samples of products satisfy applicable safety standards, including electric bicycles, authorizing use of the UL certification mark on such products, and providing follow-up testing and inspection services to confirm that manufacturers remain in compliance with applicable standards. Each year, UL evaluates tens of thousands of products and conducts hundreds of thousands of factory surveillance inspections. As a result, the UL certification mark appears on billions of products in the marketplace. As a result of UL's extensive use of the UL certification marks to promote its certification programs, the UL certification marks have attained national and global reputations for technical expertise and integrity and have become symbols of trust and objectivity.

4.      UL owns, manages, enforces, licenses, and maintains IP, including various trademarks. Relevant to this Complaint, UL owns the following registered trademarks (collectively the "UL Marks").

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

| **Mark** | **Registration No. (International Classes)** |
|---|---|
| UL (logo) | 782,589 (IC A) |
| UL (logo) | 2,391,140 (IC A) |
| UL CERTIFIED (logo) | 4,283,960 (IC A) |
| UL | 4,201,014 (IC 9, 16, 35, 41, 42) |

True and correct copies of the registration certificates for the UL Marks are attached as **Exhibit A**.

5.      Beginning in 2024, Defendants registered with Amazon to sell in the Amazon Store. At various times from 2024 through 2025 Defendants advertised, marketed, offered, distributed, and sold electric scooters in the Amazon Store in connection with the UL Marks, without authorization, in order to deceive customers that the products were certified by UL. Defendants also advertised, marketed, offered, distributed, and sold electric bicycles and scooters using the UL Marks, without authorization, through their own website, as detailed below.

6.      As a result of their illegal actions, Defendants have infringed and misused UL's IP; breached their contracts with Amazon; willfully deceived and harmed Amazon, UL, and their customers; compromised the integrity of the Amazon Store; and undermined the trust that customers place in Amazon and UL. Defendants' illegal actions have caused Amazon and UL to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from inflicting future harm to Amazon, UL, and their customers.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 3

## II.    PARTIES

7.    Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. Amazon.com Services LLC is a Delaware limited liability company with its principal place of business in Seattle, Washington.

8.    UL LLC is a Delaware limited liability company with its principal place of business in Northbrook, Illinois.

9.    Defendants are a collection of individuals and entities, both known and unknown, who conspired and operated in concert with each other to engage in the counterfeiting scheme alleged in this Complaint. Defendants operated, controlled, and/or were responsible for the selling account detailed in **Attachment 1** (the "Selling Account"). Defendants are subject to liability for their wrongful conduct both directly and under principles of secondary liability including, without limitation, *respondeat superior*, vicarious liability, and/or contributory infringement.

10.    On information and belief, Defendant Shenzhen Zhida Anda Trading Co., Ltd. (深圳市致达安达贸易有限公司, "Shenzhen Zhida") is a Chinese corporation. On further information and belief, Shenzhen Zhida personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint related to the ZDZA Selling Account, and it derived a direct financial benefit from that wrongful conduct.

11.    On information and belief, Defendants Does 1-10 (the "Doe Defendants") are individuals and/or entities working in active concert with each other and the named Defendant to knowingly and willfully manufacture, import, advertise, market, offer, distribute, and sell products using counterfeit UL Marks. The identities of the Doe Defendants are presently unknown to Plaintiffs.

## III.    JURISDICTION AND VENUE

12.    The Court has subject matter jurisdiction over UL's Lanham Act claim for trademark counterfeiting and trademark infringement, and Amazon's and UL's Lanham Act claims for false designation of origin, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 4

1338(a). The Court has subject matter jurisdiction over Amazon's breach of contract claim and Amazon's and UL's claims for violation of the Washington Consumer Protection Act, pursuant to 28 U.S.C. §§ 1332 and 1367.

13.     The Court has personal jurisdiction over Defendants because they transacted business and committed tortious acts within and directed to the State of Washington, and Amazon's and UL's claims arise from those activities. Defendants affirmatively undertook to do business with Amazon, a corporation with its principal place of business in Washington, and sold in the Amazon Store products advertised using counterfeit versions of the UL Marks and which otherwise infringed UL's IP. Additionally, Defendants shipped products that were advertised using counterfeit versions of the UL Marks to consumers in Washington. Defendants committed, or facilitated the commission of, tortious acts in Washington and has wrongfully caused Amazon and UL substantial injury in Washington.

14.     Further, Defendants have consented to the jurisdiction of this Court by agreeing to the Amazon Services Business Solutions Agreement ("BSA"), which provides that the "Governing Courts" for claims to enjoin infringement or misuse of IP rights and claims related to the sale of counterfeit products in the Amazon Store are the state or federal courts located in King County, Washington.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington. Venue is also proper in this Court because Defendants consented to it under the BSA.

16.     Pursuant to Local Civil Rule 3(e), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

## IV.    FACTS

### A.    Amazon's Efforts to Prevent the Sale of Counterfeit Goods.

17.    Amazon works hard to build and protect the reputation of its stores as places where customers can conveniently select from a wide array of authentic goods and services at competitive prices. Amazon invests vast resources to ensure that when customers make purchases in Amazon's stores—either directly from Amazon entities or from one of its millions of third-party sellers—customers receive authentic products made by the true manufacturer of those products.

18.    A small number of bad actors seek to take advantage of the trust customers place in Amazon by attempting to create Amazon selling accounts to advertise, market, offer, distribute, and sell counterfeit products. These bad actors seek to misuse and infringe the trademarks and other IP of the true manufacturers of those products to deceive Amazon and its customers. This unlawful and expressly prohibited conduct undermines the trust that customers, sellers, and manufacturers place in Amazon, and tarnishes Amazon's brand and reputation, thereby causing irreparable harm to Amazon.

19.    Amazon prohibits the sale of inauthentic and fraudulent products and is constantly innovating on behalf of its customers and working with brands, manufacturers, rights owners, and others to improve the detection and prevention of counterfeit products from ever being offered to customers in Amazon's stores. Amazon employs dedicated teams of software engineers, research scientists, program managers, and investigators to prevent counterfeits from being offered in Amazon's stores. Amazon's systems automatically and continuously scan thousands of data points to prevent, detect, and remove counterfeits from its stores and to terminate the selling accounts of bad actors before they can offer counterfeit products. When Amazon identifies issues based on this feedback, it takes action to address them. Amazon also uses this intelligence to improve its proactive prevention controls. In 2024, Amazon's proactive controls blocked more than 99% of suspected infringing listings before a brand ever had to find and report them.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

20.     In 2017, Amazon launched Brand Registry, a free service that offers rights owners an enhanced suite of tools for monitoring and reporting potential instances of infringement, regardless of their relationship with Amazon. Brand Registry delivers automated brand protections that use machine learning to predict infringement and proactively protect brands' IP. Brand Registry also provides a powerful Report a Violation Tool that allows brands to search for, identify, and report potentially infringing products using state-of-the-art image search technology.

21.     In 2018, Amazon launched Transparency, a product serialization service that effectively eliminates counterfeits for enrolled products. Brands enrolled in Transparency can apply a unique 2D code to every unit they manufacture, which allows Amazon, other retailers, law enforcement, and customers to determine the authenticity of any Transparency-enabled product, regardless of where the product was purchased. More than 2.5 billion product units have been verified as genuine through Amazon's Transparency program.

22.     In 2019, Amazon launched Project Zero, a program to empower brands to help Amazon drive counterfeits to zero. Project Zero introduced a novel self-service counterfeit removal tool that enables brands to remove counterfeit listings directly from Amazon's stores. This enables brands to take down counterfeit product offerings on their own within minutes. Since launch, more than 35,000 brands have enrolled in Project Zero.

23.     Amazon uses advanced technology and expert human reviewers to verify the identities of potential sellers. When prospective sellers apply to sell in Amazon's stores, they are required to provide a form of government-issued photo ID, along with other information about their business. Amazon employs advanced identity detection methods such as document forgery detection, image and video verification, and other technologies to quickly confirm the authenticity of government-issued IDs and whether such IDs match the individual applying to sell in Amazon's stores. In addition to verifying IDs, Amazon's systems analyze numerous data points, including behavior signals and connections to previously detected bad actors, to detect and prevent risks.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

24.     Similarly, throughout the selling experience in Amazon's stores, Amazon's systems monitor selling accounts to identify anomalies or changes in account information, behaviors, and other risk signals. In the event that Amazon identifies a risk of fraud or abuse, it promptly initiates an investigation using automated and/or human review, may request additional information, and swiftly removes bad actors from its stores.

25.     In addition to the measures discussed above, Amazon actively cooperates with rights owners and law enforcement to identify and prosecute bad actors suspected of engaging in illegal activity. Lawsuits, like this one, as well as criminal referrals, are integral components of Amazon's efforts to combat counterfeits and other inauthentic products. Since its launch in 2020, Amazon's Counterfeit Crimes Unit has pursued more than 24,000 bad actors through litigation and criminal referrals to law enforcement.

**B.     UL and Its Anti-Counterfeiting Efforts.**

26.     UL goes to great lengths to protect consumers from unauthorized use of the UL Marks. UL publishes an online certification directory, Product iQ at https://productiq.ulprospector.com/en, which allows members of the general public to check whether a product has been authorized to bear a UL Mark. Further, UL routinely investigates complaints of misuse of the UL Marks and works with stakeholders, including customs authorities and law enforcement organizations in the U.S. and China, to help cease the sale of products that are advertised with, or bear, counterfeit UL Marks.

27.     In addition to educating consumers, investigating instances of counterfeiting, and supporting government efforts to stop the sale of counterfeit goods, UL has pursued several trademark counterfeiting cases in the United States to final judgment, including:

- *UL LLC v. Rider Best Inc.*, No. 2:14-cv-04396 (C.D. Cal.) resulted in a permanent injunction, consent decree, and $150,000 judgment;

- *UL LLC v. Butson Enterprises LLC*, No. 4:15-cv-00170 (N.D. Tex.) resulted in a permanent injunction, consent decree, and $150,000 judgment;

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

- *UL LLC v. Zimpex*, No. 1:15-cv-00703 (E.D. Cal.) resulted in a permanent injunction, consent decree, and $120,000 judgment;

- *UL LLC v. Space Chariot Inc*., 250 F. Supp. 3d 596 (C.D. Cal. 2017) resulted in a permanent injunction and $1 million summary judgment award;

- *UL LLC v. 7111495 Canada Inc. d/b/a Arizer*, No. 20-cv-05308 (N.D. Ill.), resulted in a permanent injunction, consent decree, and $2.2 million judgment;

- *Amazon.com, Inc., Amazon.com Services LLC, & UL LLC v. Cao Peng*, No. 23-cv-607 (W.D. Wash.) resulted in a permanent injunction and $3.8 million judgment; and

- *UL LLC v. Fly-E Group, Inc.*, No. 25-cv-01405 (E.D.N.Y.) resulted in a permanent injunction, consent judgment, and $1 million award.

28.    UL is currently enrolled in Brand Registry and Project Zero. UL began actively using the tools and protections provided by Amazon Brand Registry in July 2017 and Project Zero in August 2019. UL utilized the above tools in response to the counterfeiting activity including that described in this Complaint.

**C.    Defendants Created an Amazon Selling Account, and Agreed Not to Sell Counterfeit Goods.**

29.    At various times between 2024 and 2025, Defendants established, controlled, and operated the Selling Account detailed in Attachment 1. Defendants used the Selling Account to advertise, market, offer, distribute, and sell electric scooters in connection with the UL Marks, without authorization from UL. In connection with the Selling Account, Defendants provided Amazon with a name, email address, phone number, tax identification number, bank information, and either government-issued identification for an individual acting on behalf of the Selling Account or a copy of a government-issued record or tax document for the entity operating the Selling Account. Plaintiffs were able to identify Defendant Shenzhen Zhida as the primary recipient of the proceeds of the counterfeiting sales for the ZDZA Selling Account based

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1    on review of the information provided to Amazon when the Selling Account was registered, and

2    through investigation of certain financial information that Defendants provided to Amazon.

3        30.    To become a third-party seller in the Amazon Store, an applicant is required to

4    agree to the BSA, which governs the seller's access to and use of Amazon's services and states

5    Amazon's rules for selling in the Amazon Store. By entering into the BSA, each seller represents

6    and warrants that it "will comply with all applicable Laws in [the] performance of its obligations

7    and exercise of its rights" under the BSA. A true and correct copy of the applicable version[s] of

8    the BSA, namely, the version[s] Defendants last agreed to when using Amazon's services, is

9    attached as **Exhibit B**.

10        31.    Under the terms of the BSA, Amazon specifically identifies the sale of counterfeit

11    goods as "deceptive, fraudulent, or illegal activity" that violates Amazon's policies, and Amazon

12    reserves the right to withhold payments and terminate the selling account of any bad actor who

13    engages in such conduct. Ex. B, ¶¶ 2-3. The BSA requires the seller to defend, indemnify, and

14    hold Amazon harmless against any claims or losses arising from the seller's "actual or alleged

15    infringement of any Intellectual Property Rights." *Id.* ¶ 6.1.

16        32.    Additionally, the BSA incorporates, and sellers therefore agree to be bound by,

17    Amazon's Anti-Counterfeiting Policy, the applicable version of which is attached as **Exhibit C**.

18    The Anti-Counterfeiting Policy expressly prohibits the sale of counterfeit goods in the Amazon

19    Store:

20        • The sale of counterfeit products is strictly prohibited.

21        • You may not sell any products that are not legal for sale, such as products that
22          have been illegally replicated, reproduced, or manufactured[.]

23        • You must provide records about the authenticity of your products if Amazon
          requests that documentation[.]

24        Failure to abide by this policy may result in loss of selling privileges, funds being
25        withheld, destruction of inventory in our fulfillment centers, and other legal
          consequences.

26    *Id.*

27

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 10

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

33.     Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon Store, and describes the consequences of selling inauthentic products:

- Sell Only Authentic and Legal Products. It is your responsibility to source, sell, and fulfill only authentic products that are legal for sale. Examples of prohibited products include:

  o   Bootlegs, fakes, or pirated copies of products or content

  o   Products that have been illegally replicated, reproduced, or manufactured

  o   Products that infringe another party's intellectual property rights

- Maintain and Provide Inventory Records. Amazon may request that you provide documentation (such as invoices) showing the authenticity of your products or your authorization to list them for sale. You may remove pricing information from these documents, but providing documents that have been edited in any other way or that are misleading is a violation of this policy and will lead to enforcement against your account.

- Consequences of Selling Inauthentic Products. If you sell inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related accounts), destroy any inauthentic products in our fulfillment centers at your expense, and/or withhold payments to you.

- Amazon Takes Action to Protect Customers and Rights Owners. Amazon also works with manufacturers, rights holders, content owners, vendors, and sellers to improve the ways we detect and prevent inauthentic products from reaching our customers. As a result of our detection and enforcement activities, Amazon may:

  o   Remove suspect listings.

  o   Take legal action against parties who knowingly violate this policy and harm our customers. In addition to criminal fines and imprisonment, sellers and suppliers of inauthentic products may face civil penalties including the loss of any amounts received from the sale of inauthentic products, the damage or harm sustained by the rights holders, statutory and other damages, and attorney's fees.

- Reporting Inauthentic Products. We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us. We will promptly investigate and take all appropriate actions to protect customers, sellers, and rights holders. You may view counterfeit complaints on the Account Health page in Seller Central.

*Id.*

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

34.     Additionally, under the BSA, sellers agree that the information and documentation they provide to Amazon in connection with their selling accounts—such as identification, contact, and banking information—will, at all times, be valid, truthful, accurate, and complete. Specifically, the BSA requires that:

- As part of the application process, you must provide us with your (or your business') legal name, address, phone number and e-mail address, as well as any other information we may request. Ex. B. ¶ 1.

- You will use only a name you are authorized to use in connection with a[ny Amazon] Service and will update all of the information you provide to us in connection with the Services as necessary to ensure that it at all times remains accurate, complete, and valid. *Id*. ¶ 2.

- Each party represents and warrants that: (a) if it is a business, it is duly organized, validly existing and in good standing under the Laws of the country in which the business is registered and that you are registering for the Service(s) within such country; (b) it has all requisite right, power, and authority to enter this Agreement, perform its obligations, and grant the rights, licenses, and authorizations in this Agreement; (c) any information provided or made available by one party to another party or its Affiliates is at all times accurate and complete[.] *Id*. ¶ 5.

35.     When Defendants registered as third-party sellers in the Amazon Store, and established their Selling Account, they agreed not to advertise, market, offer, distribute, or sell counterfeit products, and agreed to provide Amazon with accurate and complete information and to ensure that information remained accurate and complete.

**D.      Defendants' Sale of Products in Connection with Counterfeit UL Marks.**

36.     Defendants advertised, marketed, offered, distributed, and sold electric scooters in connection with counterfeit UL Marks in the Amazon Store. The products that Defendants sold in connection with counterfeit UL Marks are identified and described in Attachment 1. Certain examples of those infringing listings are highlighted below:

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax



37.     UL has reviewed product listings of the Defendants' Selling Account. UL reported to Amazon that the product listings use the UL Marks, that UL has neither certified such products nor authorized the use of the UL Marks on the listed products, and that the UL Marks therefore are counterfeit, as detailed in Attachment 1.

38.     Defendants also advertise, market, offer, distribute, and sell electric bicycles and scooters and bicycles in connection with counterfeit UL Marks through the website located at www.zdza.org, as highlighted in the below image:



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

1

**E.      Amazon Shut Down Defendants' Selling Account.**

2      39.      Defendants falsely represented to Amazon and its customers that the electric

3    scooters that Defendants sold were certified by UL. Defendants also knowingly and willfully

4    used UL's IP in connection with the advertising, marketing, offering, distributing, and selling of

5    products using counterfeit UL Marks.

6      40.      At all times, Defendants knew they were prohibited from violating third-party IP

7    rights or any applicable laws while selling products in the Amazon Store, from providing

8    inaccurate information to Amazon and its customers, from misrepresenting the authenticity of

9    the products sold, and from misleading Amazon and its customers through their sale of products

10    using counterfeit UL Marks. Defendants have breached the terms of their agreements with

11    Amazon; deceived Amazon's customers and Amazon; infringed and misused the IP rights of UL;

12    harmed the integrity of and customer trust in the Amazon Store; and tarnished Amazon's and

13    UL's brands.

14      41.      After Amazon verified Defendants' sale of products using counterfeit UL Marks,

15    it blocked the Selling Account. In doing so, Amazon exercised its rights under the BSA to

16    protect its customers and the reputations of Amazon and UL.

17                              **V.      CLAIMS**

18                              **FIRST CLAIM**
                          *(by UL against all Defendants)*
19    **Trademark Counterfeiting and Trademark Infringement – 15 U.S.C. § 1114**

20      42.      Plaintiff UL incorporates by reference the allegations of the preceding paragraphs

21    as though set forth herein.

22      43.      Defendants' activities constitute counterfeiting and infringement of the UL Marks

23    as described in the paragraphs above.

24      44.      UL owns the UL Marks and provides certification, testing, and inspection services

25    using those certification marks described above, and uses the certification marks to distinguish

26    those products it has certified from similar products and related items of others that have not

27    received such certification.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 14

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

45.     Because of UL's long, continuous, and exclusive use of the UL Marks, the certification marks have come to be understood by customers and the public to signify products certified by UL.

46.     Defendants unlawfully advertised, marketed, offered, distributed, and sold products in connection with counterfeit and infringing versions of the UL Marks with the intent and likelihood of causing customer confusion, mistake, and deception as to the products' source, origin, and authenticity. Specifically, Defendants intended customers to believe, incorrectly, that the products were certified by UL and likely caused such erroneous customer beliefs.

47.     As a result of Defendants' wrongful conduct, UL is entitled to recover its actual damages, Defendants' profits attributable to the infringement, treble damages, and attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b). Alternatively, UL is entitled to statutory damages under 15 U.S.C. § 1117(c) for Defendants' use of counterfeit marks.

48.     UL is further entitled to injunctive relief, including an order impounding all counterfeit and infringing products and promotional materials in Defendants' possession. UL has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) the UL Marks are unique and valuable properties that have no readily-determinable market value; (b) Defendants' counterfeiting and infringing activities constitute harm to UL and UL's reputation and goodwill such that UL could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the counterfeit and infringing materials; and (d) the resulting harm to UL, due to Defendants' wrongful conduct is likely to be continuing.

### SECOND CLAIM
*(by UL and Amazon against all Defendants)*
**False Designation of Origin – 15 U.S.C. § 1125(a)**

49.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth herein.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

50.     UL owns the UL Marks and provides certification, testing, and inspection services using those certification marks described above, and uses the certification marks to distinguish those products it has certified from similar products and related items of others that have not received such certification.

51.     Because of UL's long, continuous, and exclusive use of the UL Marks, the trademarks have come to mean, and are understood by customers, users, and the public, to signify products certified by UL.

52.     Amazon's reputation for trustworthiness is at the heart of its relationship with customers. Defendants' actions in selling counterfeits pose a threat to Amazon's reputation because they undermine and jeopardize customer trust in the Amazon Store.

53.     Defendants unlawfully advertised, marketed, offered, distributed, and sold products in connection with counterfeit versions of the UL Marks with the intent and likelihood of causing customer confusion, mistake, and deception as to the products' certification by UL. On information and belief, Defendants' wrongful conduct misleads and confuses customers and the public as to the certification of the goods and services advertised, marketed, offered, distributed, or sold in connection with the UL Marks and wrongfully trades upon UL's goodwill and business reputation.

54.     Further, Defendants deceived Amazon and its customers about the authenticity of the products they were advertising, marketing, offering, distributing, and selling, in direct and willful violation of the BSA and Amazon's Anti-Counterfeiting Policies. Defendants' deceptive acts were material to Amazon's decision to allow Defendants to sell their products in the Amazon Store because Amazon would not have allowed Defendants to do so but for their deceptive acts.

55.     Defendants' misconduct has also caused Amazon to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from causing further harm to Amazon and its customers. Defendants' illegal acts have caused irreparable injury to Amazon and, on information and belief, that injury is ongoing

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

at least to the extent that Defendants continue to establish selling accounts under different or false identities. An award of monetary damages alone cannot fully compensate Amazon for its injuries, and thus Amazon lacks an adequate remedy at law.

56.    Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that products originate from or are authorized by UL, all in violation of 15 U.S.C. § 1125(a)(1)(A).

57.    Plaintiffs are entitled to an injunction against Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below, along with attorneys' fees and costs in investigating and bringing this lawsuit. Defendants' acts have caused irreparable injury to Plaintiffs. On information and belief, that injury is continuing. An award of monetary damages cannot fully compensate Plaintiffs for their injuries, and Plaintiffs lack an adequate remedy at law.

58.    UL is further entitled to recover Defendants' profits, UL's damages for its losses, and UL's costs to investigate and remediate Defendants' conduct and bring this action, in an amount to be determined. UL is also entitled to the trebling of any damages award as allowed by law. Amazon is also entitled to recover its damages arising from Defendants' sale of products in connection with counterfeit UL Marks in the Amazon Store.

### THIRD CLAIM
*(by UL and Amazon against all Defendants)*
**Violation of Washington Consumer Protection Act, RCW 19.86.010, *et seq.***

59.    Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth herein.

60.    Defendants' advertising, marketing, offering, distributing, and selling of products in connection with counterfeit UL Marks constitute unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 19.86.020.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

61.     Defendants' advertising, marketing, offering, distributing, and selling of products in connection with counterfeit UL Marks harm the public interest by deceiving customers about the certification of the products.

62.     Defendants' advertising, marketing, offering, distributing, and selling of products in connection with counterfeit UL Marks directly and proximately causes harm to and tarnishes Plaintiffs' reputations and brands, and damages their business and property interests and rights.

63.     Accordingly, Plaintiffs seek to enjoin further violations of RCW 19.86.020 and recover from Defendants their attorneys' fees and costs. UL further seeks to recover from Defendants its actual damages, trebled, and Amazon further seeks to recover from Defendants its actual damages, trebled, arising from Defendants' sale of products in connection with counterfeit UL Marks.

**FOURTH CLAIM**
*(by Amazon.com Services LLC[1] against Defendants in Attachment 1)*
**Breach of Contract**

64.     Plaintiff Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

65.     Defendants established an Amazon selling account and entered into Amazon's BSA, a binding and enforceable contract between Defendants and Amazon. Defendants also contractually agreed to be bound by the policies incorporated by reference into the BSA, including Amazon's Anti-Counterfeiting Policy and other policies as maintained on the Amazon seller website.

66.     Amazon performed all obligations required of it under the terms of the contract with Defendants or was excused from doing so.

67.     Defendants' sale and distribution of products in connection with counterfeit UL Marks materially breached the BSA and the Anti-Counterfeiting Policy in numerous ways. Among other things, Defendants' conduct constitutes infringement and misuse of the IP rights of UL.

---

[1] For the Fourth Claim only, "Amazon" shall refer to Amazon.com Services LLC only.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 18

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

68.    Defendants' breaches have caused significant harm to Amazon, and Amazon is entitled to damages in an amount to be determined.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A.    That the Court enter an order permanently enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them, from:

(i)    selling counterfeit or infringing products in Amazon's stores;

(ii)    selling counterfeit or infringing products to Amazon or any Amazon affiliate;

(iii)    importing, manufacturing, producing, distributing, circulating, offering to sell, selling, promoting, or displaying any product using any simulation, reproduction, counterfeit, copy, or colorable imitation of UL's brand or trademarks, or which otherwise infringes UL's IP, in any store, website or any other medium; and

(iv)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iii) above;

B.    That the Court enter judgment in Plaintiffs' favor on all claims brought by them;

C.    That the Court enter an order pursuant to 15 U.S.C. § 1118 impounding and permitting destruction of all counterfeit and infringing products bearing the UL Marks or that otherwise infringe UL's IP, and any related materials, including business records and materials used to reproduce any infringing products, in Defendants' possession or under their control;

D.    That the Court enter an order requiring Defendants to provide Plaintiffs a full and complete accounting of all amounts due and owing to Plaintiffs as a result of Defendants' unlawful activities;

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

E.       That the Court enter an order requiring Defendants to pay all general, special, and actual damages which UL has sustained, or will sustain as a consequence of Defendants' unlawful acts, plus Defendants' profits from the unlawful conduct described herein, together with its statutory damages, and that such damages be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law, and that Amazon's damages, plus Defendants' profits, related to Defendants' activities involving the sale of counterfeit products be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

F.       That the Court enter an order requiring Defendants to pay the maximum amount of prejudgment interest authorized by law;

G.       That the Court enter an order requiring Defendants to pay the costs of this action and Plaintiffs' reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

H.       That the Court enter an order requiring that identified financial institutions restrain and transfer to Plaintiffs all amounts arising from Defendants' unlawful counterfeiting activities as set forth in this lawsuit, up to a total amount necessary to satisfy monetary judgment in this case; and

I.       That the Court grant Plaintiffs such other, further, and additional relief as the Court deems just and equitable.

DATED this 5th day of December, 2025.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

*/s/ Scott Commerson*
Scott Commerson, WSBA #58085
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071-3460
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

# ATTACHMENT 1

## SELLING ACCOUNT:

Selling Account Name: ZDZA

Dates of Known Sales of Infringing Products: October 29, 2024 – November 16, 2025

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Electric Scooter ZD01,500W Peak Motor & 19MPH Electric Scooter Adults, 12-15 Mi RangeElectric Kick Scooters, 8.5" Solid Tires, E-Lock& E-Horn, Lightweight Foldable Escooter for Commuter<br><br>ASINs[1]: B0DGXJ32DN and B0FJL2YKPC | • On or about October 20, 2025, UL reviewed the listings in the Amazon Store for these products offered for sale by the Selling Account.<br><br>• UL confirmed that at least one of the product images in each of the listings stated that the listed product was "UL Tested." UL has determined that the products are not tested or certified by UL and that UL did not authorize the use of the UL Marks in connection with the products, and therefore the UL Marks are counterfeit. |

---

[1] "ASIN" is an abbreviation of "Amazon Standard Identification Number," which is a unique series of ten alphanumeric characters that is assigned to each product listed for sale in Amazon's stores for identification purposes.