UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, Delaware limited liability company; and UL LLC, a Delaware limited liability company,

Plaintiffs,

v.

SHENZHEN ZHIDA ANDA TRADING CO. LTD., a Chinese corporation; and DOES 1-10,

Defendants.

No. 2:25-cv-02485-KKE

**STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION**

WHEREAS, Plaintiffs Amazon.com, Inc., Amazon.com Services LLC (collectively, "Amazon"), and UL LLC ("UL" and with Amazon, "Plaintiffs") filed this action against Defendant Shenzhen Zhida Anda Trading co. Ltd. ("Defendant") seeking injunctive relief and monetary damages, including treble damages, costs, and attorneys' fees;[1]

WHEREAS, Plaintiffs alleged in the Complaint claims against Defendant for: (i) trademark counterfeiting and trademark infringement under 15 U.S.C. § 1114; (ii) false designation of origin under 15 U.S.C. § 1125(a); (iii) violation of the Washington Consumer Protection Act, RCW 19.86.010, *et seq.*; and (iv) breach of contract (the claims are referred to, collectively, as the "Claims");

[1] Plaintiffs dismissed their claims against the Doe Defendants.

WHEREAS, Plaintiffs and Defendant have agreed to resolve their dispute;

WHEREAS, Plaintiffs and Defendant now stipulate and consent to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein;

NOW THEREFORE, Plaintiffs and Defendant hereby stipulate to and request that the Court order the following Consent Judgment and Permanent Injunction:

IT IS ORDERED, ADJUDGED AND DECREED, AS FOLLOWS:

1. The Court has personal jurisdiction over each of the parties to this action. The Court also has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

2. On December 5, 2025, Plaintiffs filed a Complaint asserting the Claims against Defendant.

3. At the time the Complaint was filed and at the time of Defendant's alleged wrongful conduct, UL owned the following registered marks (the "UL Marks"), all of which are valid, unrevoked, and subsisting, and which constitute prima facie evidence of UL's exclusive ownership of the marks during all relevant periods:

| **Mark** | **Registration No. (International Classes)** |
|---|---|
| | 782,589 (IC A) |
| | 2,391,140 (IC A) |
| | 4,283,960 (IC A) |
| UL | 4,201,014 (IC 9, 16, 35, 41, 42) |

4. Plaintiffs allege that Defendant advertised, marketed, offered, distributed, and sold electric scooters and bikes in the Amazon.com store ("Amazon Store") and through the website, www.zdza.org, in connection with the UL Marks, without authorization, in order to deceive customers that the products were certified by UL. Plaintiffs allege that this conduct violated Amazon's policies, UL's intellectual property rights, and the law. Plaintiffs further allege that the actions of Defendant constituted trademark counterfeiting, trademark infringement, false designation of origin under the Lanham Act, violation of the Washington Consumer Protection Act, and breach of contract.

5. The use of the UL Marks on the counterfeit products created the erroneous impression that those products had been tested and certified by UL, even though they were not.

6. Amazon's Business Solutions Agreement, which Defendant entered into with Amazon.com Services LLC in order to sell products in the Amazon.com store, prohibits the sale of counterfeit products and the submission to Amazon of inaccurate, false, or misleading information and documents.

7. Defendant's advertisement and sale of electric scooters and e-bikes in connection with the UL Marks, without UL's authorization, has caused, and unless enjoined by this Court will continue to cause, serious and irreparable injury to Plaintiffs, for which they have no adequate remedy at law.

8. The Parties represent that they have read this Consent Judgment and Permanent Injunction, entered into it voluntarily, and have had the opportunity to seek the advice of counsel prior to their consent to this Judgment.

**NOW, THEREFORE, IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:**

9. The Court enters this Consent Judgment and Permanent Injunction based on the Parties' agreement and Defendant's consent to the relief set forth herein. This Consent Judgment resolves Plaintiffs' claims alleged in the Action as follows: (i) in favor of UL's claims against Defendant for trademark counterfeiting and trademark infringement under 15 U.S.C. § 1114; (ii) in favor of UL's and Amazon's claims against Defendant for false designation of origin under 15 U.S.C. § 1125(a); (iii) in favor of UL's and Amazon's claims against Defendant for violation of the Washington Consumer Protection Act, RCW 19.86.010, *et seq.*; and (iv) in favor of Amazon's claims against Defendant for breach of contract.

10. Upon the entry of this Judgment, Defendant and its officers, agents, representatives, servants, employees, successors, assigns, and all others in active concert or participation with Defendant shall be permanently enjoined from:

(a) importing, manufacturing, producing, distributing, circulating, offering to sell, promoting, or displaying any product or service using any simulation, reproduction, counterfeit, copy, or colorable imitation of UL's certification marks or service marks, or which otherwise infringes UL's intellectual property, in any store or in any medium; and

(b) using any false designation of origin or false description or performing any false act which is likely to lead members of the trade or public to believe that any service or product offered, distributed, or sold by Defendant is in any manner certified, tested, associated or connected with UL, or is sold, manufactured, licensed, sponsored, approved, or authorized by UL; or

(c) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (b) above;

11. The Court shall retain exclusive personal and subject matter jurisdiction to enforce the terms of this Judgment and Permanent Injunction.

12. Each party shall bear its attorneys' fees and costs incurred in connection with this matter.

13. Upon entry of this Judgment and Permanent Injunction, this action is hereby dismissed with prejudice.

**IT IS SO ORDERED.**

DATED THIS 8th day of September, 2026.

Kymberly K. Evanson
United States District Judge